F. O. HELLSTROM, Plaintiff and Respondent, v. FIRST GUAR-
ANTY BANK, BISMARCK, NORTH DAKOTA, a Corporation,
Defendant and Appellant.

(196 N. W. 503.)

**Mortgages — complaint held to state cause of action for breach of contract
to redeem for benefit of plaintiff.**

1. Complaint examined and-*held* to state a cause of action for breach of
contract to redeem, for the benefit of the plaintiff, property which had been
sold in foreclosure proceedings.

**Frauds, statute of — complaint not demurrable unless it affirmatively shows
plaintiff is relying on oral contract.**

2. A complaint is not demurrable on the ground that the contract sued up-
on is within the statute of frauds unless it affirmatively appears in the com-
plaint that plaintiff is relying upon an oral contract.

Opinion filed December 13, 1923.

Contracts, 13 C. J. § 827 p. 714 n. 78. Frauds, Statute of, 27 C. J. § 452 p. 373
n. 35.

Appeal from the District Court of Burleigh County, *Jansonius, J.*
Affirmed.

*E. T. Burke,* for appellant.

*F. O. Hellstrom* and *Theodore Koffel,* for respondent.

BIRDZELL, J.    This is an appeal from an order of the district court,
overruling a demurrer to an amended complaint. The complaint al-
leges for a cause of action substantially the following:   That the
plaintiff was the owner of certain described land in the state of Min-
nesota.   That in 1915 he mortgaged the land to the Capital Trust and
Savings Bank of St. Paul to secure a note for $1,500.   That in
December, 1918, he gave to the defendant a second mortgage on the
same land securing a note·for $3,000.   That in June, 1921, the
Capital Trust and Savings Bank sold the property under a power of
sale contained in its mortgage, the plaintiff having one year in which

Note.—Demurrability of complaint on the ground that contract is within the
statute of frauds, see 25 R. C. L. 740.

to redeem from the sale. That during the year of redemption and approximately a month before the expiration of the period, the plaintiff and defendant entered into an agreement whereby the defendant undertook that it would redeem the premises from the foreclosure sale and hold the title in trust for the benefit of the plaintiff, and that it would accept from the plaintiff, as redemption payment, a first mortgage for $1,800, due in five years, with annual interest at 9 per cent, and that it would accept from the plaintiff a second mortgage for such sum as the defendant's books would show the plaintiff to be owing the defendant, on account of the second mortgage which the defendant then held. That it was further agreed that defendant would make all necessary arrangements to redeem from the sale, procuring all necessary papers and documents for that purpose, and also prepare all papers for the purpose of carrying out the arrangement whereby the plaintiff would mortgage the property to the defendant, and that defendant would notify the plaintiff when the loan papers were ready for execution. It is alleged that the plaintiff trusted in the representations and agreements of the defendant and took no further steps to protect his right of redemption; that the defendant took an assignment of the sheriff's certificate of sale; that after the expiration of the redemption period, the defendant notified the plaintiff it was ready to take the mortgages above mentioned; that plaintiff was ready and willing to execute the same; that plaintiff asked the defendant if it preferred cash instead of the mortgages, and if so, the plaintiff was ready and able to pay the same; that defendant expressed preference for the cash; that the amount to be so paid was the amount of the first mortgage, including costs of foreclosure, taxes and interest, and the amount due upon the second mortgage, including interest to date; that there was added thereto and agreed to by the defendant, a bonus of $385, all of which the plaintiff agreed to pay and the defendant agreed to accept; that thereafter and on the same day, and within a short time after the agreement was made, the plaintiff tendered the amount of indebtedness, plus the bonus of $385, and the defendant refused to accept the same; that the defendant has taken a deed to the premises in its own name, contrary to its agreement with the plaintiff and in fraud of the plaintiff's rights; that the defendant falsely and fraudulently refused to carry out its agreement with the plaintiff, and fraudulently procured

a sheriff's deed to the premises, whereby the plaintiff lost his right to redeem and has lost the benefit of his statutory right of redemption. It is then alleged that the plaintiff, at various times, had paid the defendant various sums of money on the second mortgage, and that there was due, upon the foreclosure of the first mortgage and the second mortgage, the total amount of $2,772. The plaintiff claims to have been damaged in that the premises, at the time of the expiration of the redemption period, were reasonably worth $11,200, and that, by reason of the defendant's failure to comply with its agreement, the plaintiff lost his right therein valued at the difference between what he owed the defendant and the reasonable value of the premises.

We are of the opinion that the complaint states a cause of action for breach of a contract to redeem. It is true that, in addition to alleging the foregoing facts, it here and there characterizes the conduct of the defendant as fraudulent and makes accusations to the effect that it secretly, falsely and fraudulently procured the sheriff's deed, and that it fraudulently appropriated the plaintiff's statutory right of redemption. But we think that when the complaint is considered as a whole it fairly apprizes the defendant that the plaintiff seeks to hold it for a breach of an alleged contract to effect redemption on plaintiff's behalf of his land from the mortgage foreclosure sale.

The appellant suggests that the contract alleged is within the statute of frauds. Without deciding whether the contract is within the statute, it is only necessary to say that the complaint does not state whether the contract relied upon is oral or written, and obviously a complaint is not demurrable unless it affirmatively appears therein both that the plaintiff is relying upon a contract within the statute of frauds and that the statute has not been complied with. This proposition is too elementary to require citation of authority.

The order appealed from is affirmed.

BRONSON, Ch. J., and JOHNSON, J., and COOLEY and BUTTZ, Dist. JJ. concur.

CHRISTIANSON and NUESSLE, JJ., being disqualified, did not participate; Honorable CHAS. M. COOLEY, Judge of the First Judicial District and Honorable C. W. BUTTZ, Judge of the Second Judicial District, sitting in their stead.